IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-02429-WYD

GAIL VENTO,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

**ORDER**

I.    INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on and the United States' Motions to Dismiss, filed January 5, 2007 (docket #4) and February 5, 2007 (docket #10) (collectively the "motions to dismiss"); as well as Petitioner's Petition to Quash IRS Third-Party Summons, filed December 4, 2006 (docket #1), and her Amended Petition to Quash IRS Third-Party Summons, filed January 4, 2007 (docket #3) (collectively the "petitions").

Together, the petitions seek to quash Summonses issued by Internal Revenue Agent Jackie Moss on November 18, 2006, and December 1, 2007.  The Summonses, dated November 13, 2006 and November 28, 2006, respectively, direct Xcel Energy to provide copies of utility bills and copies of records of payment of utilities bills by Petitioner from January 1, 2002, through December 31, 2004.

The United States gave Petitioner notice of both Summonses on December 1, 2006, by certified mail.  On December 4, 2006, Petitioner filed her petition to quash the Summons issued November 18, 2006.  On January 5, 2006, Petitioner filed an amended petition to quash both the November 18, 2006 Summons and a second Summons issued December 1, 2007.

II.   ANALYSIS

Under the doctrine of sovereign immunity, the United States may not be sued absent its consent.  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).  The United States has waived its immunity for the purpose of allowing a taxpayer to petition to quash a third party summons pursuant to 26 U.S.C. § 7609(b)(2)(A), which provides that a taxpayer has the right to commence a proceeding to quash an IRS summons "not later than the 20th day after the day such notice is given."  Thus, a taxpayer challenging a summons issued by the IRS to a third party, must file a petition to quash within twenty days after the taxpayer is given notice of the summons.  26 U.S.C. § 7609(b)(2)(A).  Strictly construed, "the government's waiver of sovereign immunity ends - and thus jurisdiction ends - when the twenty-day limitation period has run."  *Farber v. US.*, 921 U.S. 1118, 1119 (10th Cir. 1990).  In addition, the taxpayer must serve a copy of the petition "to the person summoned and to such office as the Secretary may direct" in the notice of the summons provided to the taxpayer.  26 U.S.C. § 7609(b)(2)(B).

In the motions to dismiss, the United States contends that this Court lacks personal and subject matter jurisdiction because Petitioner failed to file her petitions to quash within twenty days after receiving notice of the Summonses.  The United States

also contends that because the notice to Petitioner included instructions to serve the United States, Petitioner was required to serve the United States in the manner provided by Fed. R. Civ. P. 4(i), within the twenty-day limitation period set forth in 26 U.S.C. § 7609(b)(2)(B).

A.   Filing Deadline

Here, it is not disputed that Petitioner received notice of the Summonses on December 1, 2006, and the twenty-day deadline to challenge these Summonses would have been December 21, 2006.  However, pursuant to Administrative Order 2006-12, the United States Courthouse and the Clerk's Officer were closed on December 21, 2006, and any deadline falling on December 21, 2006, was extended until the close of business on the next day that the Courthouse and Clerk's Officer were open, which was December 22, 2006.  Therefore, the deadline for Petitioner to file her petitions to quash the Summonses at issue was December 22, 2006.

Petitioner filed her first petition to quash the November 13, 2006 Summons on December 4, 2006, within the twenty-day time frame.  Petitioner's amended petition to quash both the November 13, 2006 and the November 28, 2006 Summonses was docketed in this case on January 4, 2007.  However, Petitioner contends the amended petition to quash was in fact filed on December 22, 2006, but was filed "in error, under the wrong case number."  Petitioner gives no other explanation for misfiling.  A review of Court records indicates that Petitioner did file an Amended Petition to Quash the November 28, 2006 Summons issued to Xcel Energy on December 22, 2006 in a case styled *Gail Vento v. United States of America*, Case No. 06-cv-02430-REB-MJW, a

case which appears to involve a challenge to an IRS Summons issued to the University of Colorado. I attribute this filing error to Petitioner. However, even if I were to find that the amended petition to quash was timely filed, I conclude that Petitioner has failed to timely serve the United States.

B.     Service on United States

It is undisputed that on January 8, 2007, Petitioner served, via certified mail, a copy of each of the originally filed and amended petitions to quash on the office of the Attorney General of the United States and that of the United States Attorney for the District of Colorado. According to the United States, 26 U.S.C. § 7609(b)(2)(B) requires that the Petitioner serve the United State no later than the twentieth day after notice was given to her.

26 U.S.C. § 7609(b)(2)(B) provides that when a taxpayer initiates a petition to quash under the statute, then "not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to *such office as the Secretary may direct in the notice* . . . ." (Emphasis added). Here, the notice provided to Petitioner, which includes a section of instructions on filing a petition to quash, stated in paragraph 9 of section D that the "petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4." I find that the United States is included in the statute's phrase "such office as the Secretary may direct," and I find that the Secretary directed service of the United States in the notice of the Summons. Therefore, Petitioner was required to serve a copy of the petition to quash on the

United States within twenty-days after issuance of the notice. *See Vaughan v. United States*, 2002 WL 1058118 (E.D.N.C. April 11, 2002) (unpublished); *Vento v. United States*, United States District Court, District of Nevada, Civil Case No. 3:06-cv-00722-HDM-RAM (docket #10).

I note that there is a split of authority on this issue among the federal district courts. *See Tilly v. United States*, 2004 WL 2944639, *3 (M.D.N.C., Nov. 1, 2004) (Recommendation of United States Magistrate Judge - summarizing district court opinions). Some district courts have found that the requirements set forth in § 7609(b)(2)(B) apply only to service on the person summoned and on the IRS, while Rule 4(m) provides the time limits for service on the United States. *See Vento v. United Sates*, United States District Court, District of Colorado, Civil Case No. 06-cv-002430-REB-MJW (docket #16). I respectfully disagree with these decisions. Because the waiver of sovereign immunity contained in 26 U.S.C. § 7609(b)(2) must be strictly construed, I must conclude that Petitioner's failure to follow the precise requirements of the statute deprives this court of subject matter jurisdiction.

III.   CONCLUSION

In conclusion, for the reasons set forth above, it is hereby

ORDERED that the United States' Motion to Dismiss, filed January 5, 2007 (docket #4) is **GRANTED** and Petitioner's Petition to Quash IRS Third-Party Summons, filed December 4, 2006 (docket #1) is **DISMISSED**. It is

FURTHER ORDERED that the United States' Motion to Dismiss, filed February 5, 2007 (docket #10) is **GRANTED** and Petitioner's Amended Petition to Quash IRS

Third-Party Summons, filed January 4, 2007 (docket #3) is **DISMISSED**.

Dated:  June 1, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge